IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HROMYKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-359 |
| | ) CHIEF JUDGE AMBROSE |
| JUDGE KIM CLARK and WARDEN | ) MAGISTRATE JUDGE HAY |
| FREDERIC A. ROSENMEYER, | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that defendant's motion
for summary judgment (Doc. 44) be granted.

II.  REPORT

Plaintiff, Daniel Hromyko, filed a complaint alleging
that his constitutional rights were violated while he was a pre-
trial detainee in the Allegheny County Jail.  The Court dismissed
all of plaintiff's claims save his claim that he was denied
sufficient nutrition while incarcerated at the Jail.  The sole
remaining defendant in this matter is defendant Rosenmeyer,
former Warden of the Allegheny County Jail, who now moves for
summary judgment (Doc. 44).  Plaintiff has responded to the
motion (Doc. 47) and it is ripe for disposition.

A.  **Legal Standard**

Pursuant to Fed. Rule Civ. Proc. 56(c), summary
judgment is appropriate if, drawing all inferences in favor of
the non-moving party, the pleadings, depositions, answers to

interrogatories and admissions on file, together with the
affidavits, if any, show that there is no genuine issue of
material fact and the movant is entitled to judgment as a matter
of law.  Summary judgment may be granted against a party who
fails to adduce facts sufficient to establish the existence of
any element essential to that party's case, and for which that
party will bear the burden of proof at trial.  Celotex Corp. v.
Catrett, 477 U.S. 317, 325 (1986) (party can move for summary
judgment by "pointing out to the district court that there is an
absence of evidence to support the non-moving party's case.").

           The moving party bears the initial burden of
identifying evidence that demonstrates the absence of a genuine
issue of material fact.  Once that burden has been met, the non-
moving party must set forth ". . . specific facts showing that
there is a genuine issue for trial . . ." or the factual record
will be taken as presented by the moving party and judgment will
be entered as a matter of law.  Matsushita Elec. Ind. Co. v.
Zenith Radio Corp., 475 U.S. 574 (1986).  An issue is genuine
only if the evidence is such that a reasonable jury could return
a verdict for the non-moving party.  Anderson v. Liberty Lobby,
Inc., 477 U.S. 242 (1986).  Stated another way, "[w]here the
record taken as a whole could not lead a reasonable trier of fact
to find for the non-moving party, there is no 'genuine issue for
trial.'"  Matsushita, at 587.  The inquiry, then, involves

- 2 -

determining "'whether the evidence presents a sufficient
disagreement to require submission to a jury or whether it is so
one-sided that one party must prevail as a matter of law.'"
Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert.
denied, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-
52).  If a court concludes that "the evidence is merely colorable
. . . or is not significantly probative," then summary judgment
may be granted.  Anderson, 477 U.S. at 249-50.

      Here, plaintiff's claim is premised upon the Eighth
Amendment, which provides that "cruel and unusual punishments
[shall not be] inflicted."[1]  The Supreme Court has explained that
analysis of a violation of the Eighth Amendment involves a two
pronged inquiry: (1) an objective inquiry into the qualitative
nature of the harm suffered by the victim of the alleged
punishment and (2) a "subjective inquiry" into the mind of the

---

[1]    Technically, the Eighth Amendment applies to convicted prisoners,
while the Fourteenth Amendment applies to pre-trial detainees.
Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997).  However,
the standards for proscribing inhumane treatment of pre-trial
detainees under the Fourteenth Amendment and for proscribing
cruel and unusual punishment under the Eighth Amendment are the
same.   See Craig v. Eberly, 164 F.3d 490, 495 (10th Cir.
1998)("Although the Due Process Clause governs a pretrial
detainee's claim of unconstitutional conditions of confinement,
the Eighth Amendment standard provides the benchmark for such
claims.")(citations omitted); Hamm v. DeKalb County, 774 F.2d
1567, 1574 (11th Cir. 1985)("This court holds that in regard to
providing pretrial detainees with such basic necessities as food,
living space, and medical care the minimum standard allowed by
the due process clause is the same as that allowed by the eighth
amendment for convicted persons.").   Cf. Boring v. Kozakiewicz,
833 F.2d 468 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).

person inflicting the harm. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). In analyzing the objective component, the "Third Circuit has described the inquiry as whether the prisoner has been deprived of the 'minimal civilized measure of life's necessities.'" <u>Young v. Quinlan</u>, 960 F.2d 351, 359 (3d Cir. 1992), <u>superseded by statute on other grounds as stated in</u>, <u>Ghana v. Holland</u>, 226 F.3d 175 (3rd Cir. 2000). Proving that one has been deprived of the minimal civilized measure of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. <u>Griffin v. Vaughn</u>, 112 F.3d 703, 709 (3d Cir. 1997).

**B.  Plaintiff's claim**

Plaintiff alleges in his verified complaint that the Jail should be forced to terminate its contract with Aramark, Inc., which supplies food for the inmates. He alleges that Aramark is under a contractual duty to supply each inmate with 2900 calories per day, but that less than this amount has actually been provided (Doc. No. 3, final page). Part of the complaint is a letter he sent to defendant Rosenmeyer in which he states that he has been "cheated out of" food items every day, and that he had "devised ways of measuring volume for the portions" of food he received, which he alleges do not meet the 2900 calorie recommendation of the Jail's nutritionist (<u>Id</u>.).

- 4 -

Plaintiff has also provided much information which is not part of a verified pleading.  He alleges in an unverified "Objection to Dismissal" (Doc. No. 6) that he and other inmates have consistently been denied enough food, requiring them to supplement their diets from the commissary at their own expense, and that he had lost 30 pounds due to being underfed.  Also, in an unverified response to a motion to dismiss (Doc. No. 17), plaintiff alleges that he lost over 30 pounds while at the Jail, and that he suffered bleeding gums and blurred vision which he attributes to lack of nutrition.  Attached to this same pleading is a chart which purportedly shows the menu served at the jail for a three-month period.  Petitioner asserts that, through measuring devices he himself constructed, he "estimates that the daily diet was under two thousand calories and the food was of substandard quality to reflect accurately the nutritional value and caloric value of the menue [sic]." (Doc. No. 17 at 3). Again, neither the response motion nor the exhibit is verified by plaintiff.

### C.   **Analysis**

Plaintiff's allegations concerning inadequate nutrition, weight loss and physical maladies, whether verified or not, were found sufficient to withstand defendant's motion to dismiss.  Now, however, defendant seeks summary judgment asserting that plaintiff has failed to present evidence which

would permit a jury to find a constitutional violation.
Defendant does not himself present any evidence by way of
affidavit, and instead seeks to have the court rule that
plaintiff's allegations are insufficient to create a triable
issue of material fact.  Thus, defendant's motion for summary
judgment now places upon plaintiff the duty to come forward with
proof, i.e., evidence which would be admissible at trial, which
would permit a jury to determine that he was deprived of the
minimal civilized measure of life's necessities. Matsushita,
supra; Griffin, supra.

The next inquiry, then, is whether plaintiff has
presented any evidence which may properly be relied upon in
opposition to a motion for summary judgment.  Rule 56
specifically provides that when a motion for summary judgment is
made, the non-moving party may not rest upon the mere allegations
or denials of his pleading.  Fed.R.Civ.P. 56(e).  Rather, the
non-moving party must set forth specific facts, through
affidavits or as otherwise provided in Rule 56, showing that
there is a genuine issue for trial.  Id.  A verified complaint
may qualify as a competent affidavit for purposes of a summary
judgment motion.  See, e.g., Reese v. Sparks, 760 F.2d 64, 67 (3d
Cir. 1985)(treating verified amended complaint as an affidavit in
opposition to summary judgment).  In order for a complaint to
qualify as an affidavit, it must meet the same criteria as an

affidavit under Rule 56, which provides in relevant part that
"[s]upporting and opposing affidavits shall be made on personal
knowledge, shall set forth such facts as would be admissible in
evidence, and shall show affirmatively that the affiant is
competent to testify to the matters stated therein."
Fed.R.Civ.P. 56(e). See also Colon v. Coughlin, 58 F.3d 865, 872
(2d Cir. 1995)("A verified complaint is to be treated as an
affidavit for summary judgment purposes, and therefore will be
considered in determining whether material issues of fact exist,
provided that it meets the other requirements for an affidavit
under Rule 56(e)."); Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st
Cir. 1991)(Finding that "a verified complaint ought to be treated
as the functional equivalent of an affidavit to the extent that
it satisfies the standards explicated in Rule 56(e).").

        For summary judgment, an affidavit must reveal the
basis of the affiant's personal knowledge of the facts attested
to so as to be competent evidence under the requirements of Rule
56. Ways v. City of Lincoln, 909 F.Supp. 1316, 1322 *(D. Neb.
1995) (Commenting on the requirement of Rule 56(e) that the
affidavit "show affirmatively that the affiant is competent to
testify as to the matters stated therein", the court concluded
that "[a]t a minimum this means that the affidavit must establish
the competence of the affiant to testify about the subject matter
of his or her affidavit."). Conclusory allegations in an

- 7 -

affidavit or verified complaint "do not pass muster." <u>Sheinkopf</u>,
927 F.2d at 1262.

Here, plaintiff's verified complaint contains
allegations that he devised a means of measuring the amount of
food he was given and that he was able to determine that it was
substantially less than what had been represented.  This required
him to supplement his diet from the commissary at what he
believes are exorbitant prices.  This evidence, by itself, is
plainly insufficient to support a claim under the Eighth
Amendment.  Plaintiff alleges no physical disability from the
alleged failure to provide the contracted-for diet.  Indeed, all
he alleges in the complaint is that the diet failed to meet the
standard set by the Jail's nutritionist.  He does not present any
facts in the complaint which would support a finding that the
diet actually provided was insufficient to maintain health.

By contrast, plaintiff has presented several unverified
pleadings which contain allegations of physical harm and alleged
side effects of the alleged inadequate diet provided at the Jail.
It was on the basis of these allegations that the court denied
the motion to dismiss.  These same allegations, however, cannot
be considered in the context of a motion for summary judgment
since they appear in pleadings which are not verified.  <u>See</u>,
<u>United States v. Branella</u>, 972 F.Supp. 294, 299-300 (D.N.J.
1997)(Certifications containing statements, "I hereby certify

- 8 -

that all of the foregoing statements made by me are true. I am
aware that if any of the foregoing statements made by me are
wilfully false, I am subject to punishment." were fatally
inadequate; the court holding that "[t]he failure to acknowledge
the penalty of perjury prevents the court from considering the
affidavits' contents for purposes of summary judgment."); Reed v.
Richards, 32 F.3d 570 (Table)(7th Cir. 1994)("Reed submits that,
because he is a pro se litigant, the district court should have
overlooked [the deficiencies in his affidavit and exhibits] and
considered [them]. We disagree. While a district court, in
considering the allegations in a pro se litigant's complaint,
must overlook the fact that the allegations are unartfully
pleaded, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), this
does not mean that the court, in considering materials filed in
opposition to a motion for summary judgment, should overlook the
requirement of Federal Rule of Civil Procedure 56(e) that
affidavits be made on personal knowledge and set forth facts as
would be admissible in evidence. The 'liberal construction'
afforded the pleadings of pro se litigants cannot be used as a
mechanism for avoiding federal rules of evidence and civil
procedure.").

        Here, then, the allegations which permitted plaintiff's
complaint to survive a motion to dismiss are not sufficient to
defeat a motion for summary judgment. Plaintiff has simply

failed in his burden under Rule 56 to present affirmative
evidence sufficient to establish a genuine issue of material
fact.   The facts alleged in the verified complaint establish, at
most, that the meals served at the Jail did not meet the
contracted-for 2900 calories per day.   This is insufficient,
standing alone, to permit a finder of fact to conclude that
plaintiff was denied the minimal civilized measure of life's
necessities.   Defendant is, accordingly, entitled to summary
judgment.

III. CONCLUSION

        On the basis of the foregoing, it is respectfully
recommended that defendant's motion for summary judgment (Doc.
44) be granted.

        In accordance with the Magistrate's Act, 28 U.S.C.
Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the
parties are allowed ten (10) days from the date of service to
file written objections to this report.   Any party opposing the
objections shall have seven (7) days from the date of service of
objections to respond thereto.   Failure to timely file objections
may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    /s/ Amy Reynolds Hay
                                    AMY REYNOLDS HAY
                                    United States Magistrate Judge

Dated: 31 August, 2006

cc:  Hon. Donetta W. Ambrose
     Chief District Court Judge

     Daniel Hromyko, #65644
     FY-1295
     SCI Coal Township
     1 Kelley Drive
     Coal Township, PA 17866-1021

     Michael H. Wojcik, Esquire
     Mike Adams, Esquire
     Allegheny County Law Department
     300 Fort Pitt Commons Building
     445 Fort Pitt Boulevard
     Pittsburgh, PA 15219