IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HROMYKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-359 |
| ) | CHIEF JUDGE AMBROSE |
| JUDGE KIM CLARK and WARDEN ) | MAGISTRATE JUDGE HAY |
| FREDERIC A. ROSENMEYER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

On August 31, 2006, Magistrate Judge Hay issued a Report and Recommendation (Doc. No. 50) in which she recommended that defendant Rosenmeyer's motion for summary judgment (Doc. No. 44) be granted. Rosenmeyer, Warden of the Allegheny County Jail (ACJ), is the sole remaining defendant, and the only claim remaining is that Rosenmeyer ignored complaints that plaintiff was deprived of adequate food while detained at ACJ. Defendant Rosenmeyer chose not to support his motion with any affidavits, leaving the Magistrate Judge to consider whether petitioner had presented triable issues of fact under Rule 56.

The Magistrate Judge correctly analyzed this claim under the Eighth Amendment, and concluded that plaintiff had failed to present, by affidavit or other competent evidence, a material dispute of fact concerning the adequacy of the food he was provided. Key to the Magistrate Judge's analysis, however,

was the fact that many of the plaintiff's allegations were only that; allegations which the court could not consider in addressing a motion for summary judgment. Hence, plaintiff failed to present evidence sufficient to permit a finder of fact to conclude "whether the prisoner has been deprived of the 'minimal civilized measure of life's necessities.'" Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in, Ghana v. Holland, 226 F.3d 175 (3rd Cir. 2000).

Now, however, plaintiff has filed objections (Doc. No. 51) and has attached an affidavit of his own "under penalty of perjury" in which he restates all of the underlying allegations made in this case as averments of fact. These facts include a rapid weight loss while at ACJ, rapid weight gain upon leaving the Jail for another penal institution, bleeding gums which healed shortly after leaving ACJ, verification of his attempts to measure the inadequacy of the portions he was served during his stay, and assertions that he communicated his complaints to doctors and to defendant Rosenmeyer.

I agree with the Magistrate Judge that, on the record as it existed prior to plaintiff's objections, summary judgment was appropriate. Now, however, the underlying support for plaintiff's response to the motion has changed dramatically. I

believe that plaintiff has now presented facts which, standing unrebutted by any counter-affidavits, are sufficient to defeat the present motion. Hence, I will reject the Magistrate Judge's Report and Recommendation, and will instead deny the motion for summary judgment without prejudice to defendant's right to file a motion for summary judgment supported by affidavits which address either the adequacy of the diet provided to plaintiff, or defendant's state of mind concerning the alleged constitutional violation.

AND NOW, this 21st day of September, 2006,

IT IS HEREBY ORDERED that the defendant's motion for summary judgment (Doc. No. 44) is DENIED without prejudice to defendant's right to file a new motion supported by relevant affidavits.

DONETTA AMBROSE
CHIEF UNITED STATES JUDGE

cc: Daniel Hromyko, #65644
    FY-1295
    SCI Coal Township
    1 Kelley Drive
    Coal Township, PA 17866-1021

    Michael H. Wojcik, Esquire
    Mike Adams, Esquire

Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219