IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HROMYKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-359 |
| | ) |
| FREDERICK A. ROSEMEYER, Warden of the | ) |
| ALLEGHENY COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Plaintiff Daniel Hromyko ("Hromyko") filed a Complaint alleging that his constitutional rights were violated while he was a pretrial detainee in the Allegheny County Jail ("the Jail"). The Court previously dismissed all of Hromyko's claims except one which focused upon the alleged denial of sufficient food. Specifically, Hromyko claimed that he was starved while at the Jail and that he suffered some symptoms which he attributes to inadequate nutrition.

His claim is based upon the Eighth Amendment, which provides that "cruel

1

and unusual punishments [shall not be] inflicted."[1]  He seeks to hold Defendant Frederic A. Rosemeyer ("Rosemeyer") liable for this alleged constitutional deprivation.  Rosemeyer was the Warden at the Jail during the relevant period of time.  Hromyko contends that Rosemeyer ignored his complaints about the deprivation of adequate amounts of food.

Rosemeyer has filed a Second Motion for Summary Judgment. See Docket No. 54.  In the Brief in Support (Docket No. 55), Rosemeyer sets forth two "arguments": (1) that Rosemeyer is entitled to qualified immunity; and (2) that there is no evidence of a custom, practice or policy implemented by the Jail which caused the constitutional deprivation.  I put the word "arguments" in quotation marks for a reason, Rosemeyer's actual analysis of these arguments - the application of the law to the facts- each consists of no more than two sentences.  Coupled with the fact that Rosemeyer has totally failed to comply with Local Rule 56.1B, which requires the filing of a Concise Statement of Material Facts in conjunction with a motion for summary judgment,[2] Rosemeyer's Motion and Brief have not convinced me that he

---

[1] The Eighth Amendment applies to the States through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citations omitted).  The standards of the Eighth Amendment are applicable to the States through the Fourteenth Amendment. See Sistrunk v. Lyons, 646 F,2d 64, 66-67 (3d Cir. 1981) (citations omitted).  With this understanding, I will refer for ease of reference simply to the Eighth Amendment.

[2] Local Rule 56.1(b) provides, in relevant part:
**(B). Motion Requirements**.  The Motion for Summary Judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by the following:
1. **A Concise Statement of Material Facts:** A Separately filed concise statement setting forth the facts essential for the court to decide the motion for summary judgment, which the moving party contends are **undisputed and material**, including any facts which for purposes of summary judgment only are assumed to be true.  The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs.  A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's

is entitled to the entry of summary judgment in his favor. The Motion is denied.

## STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at

---

statement, acceptance or denial of the material fact.
L.R. 56.1(B)(1)(emphasis in original).

322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## ANALYSIS

I. *Qualified Immunity*

Rosemeyer's first argument is entitled "[t]he claims against the individual defendant must be dismissed on the basis of qualified immunity." See Docket No. 55, p. 3.  A qualified immunity analysis requires a two-step inquiry. "First, the court must determine whether the facts alleged show that the defendant's conduct violated a constitutional or statutory right. If so, the court must then determine whether the constitutional or statutory right allegedly violated by the defendant was 'clearly established.'" Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006) (citations omitted). "If the court concludes that the defendant's conduct did violate a clearly established constitutional or statutory right, then it must deny the defendant the protection afforded by qualified immunity." Williams, 455 F.3d at 190 (citations omitted).

Rosemeyer's <u>entire</u> argument with respect to qualified immunity consists of the following:

> The allegations in Plaintiff's complaint are insufficient to meet either the first or second prong of this test. Therefore, all claims against Defendant Rosemeyer must be dismissed based on qualified immunity.

4

See Docket No. 55, p. 3. This is woefully inadequate. There is no analysis of case law. There is no application of fact to law. There is no explanation of how Hromyko's evidence, which was deemed sufficient to withstand summary judgment previously, is now deficient. Under other circumstances, this failure on Rosemeyer's part would justify denial of the Motion.

Nonetheless, I am cognizant of the fact that, under Third Circuit law, when the defendant has raised the defense of qualified immunity, the plaintiff bears the initial burden "of showing that the defendant's conduct violated some clearly established statutory or constitutional right." Donahoe v. Gavin, 280 F.3d 371, 378 (3d Cir. 2002) (citations omitted). Accordingly, I take the time to engage in the analysis, despite the fact that Rosemeyer did not.

As previously stated, it is well established that inmates have a right to a nutritionally adequate diet. See Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). Further, as stated in my Opinion and Order denying Rosemeyer's First Motion for Summary Judgment, Hromyko has adduced evidence which a reasonable fact finder could view as supporting his claim that he was deprived of adequate nutrition, i.e., he rapidly lost weight after being admitted to the Jail; he rapidly gained weight after being transferred from the Jail, et cetera.

In an apparent effort to counter Hromyko's evidence, Rosemeyer appended some exhibits to his Second Motion for Summary Judgment. He offers no analysis, however, of how the exhibits resolve issues of material fact. Furthermore, certain of the exhibits are simply inadmissible, others are unpersuasive and still others do

nothing more than confirm that there are disputed issues of material fact.

First there is the matter of Rosemeyer's statement. In this Court's previous Opinion and Order, I invited Rosemeyer to submit an affidavit. While one would presume this is a relatively unburdensome task, counsel instead (despite having more than one month to secure one) submitted a copy of an email sent from Rosemeyer to his counsel. From an evidentiary point of view, I decline to consider the email as it does not contain any of the necessary attributes of an affidavit. Further, even if I were inclined to consider the email with respect to the issue of whether Hromyko received adequate nutrition, Rosemeyer simply states:

> The contract with Aramark was that they were to serve meals meeting a required 2900 calories per day to each inmate <u>and as far as I know they did that</u>.

<u>See</u> Docket No. 54-2, Ex. A (emphasis added). Rosemeyer simply cannot affirmatively state that Hromyko actually received 2900 calories per day.[3]

Second, the proposed menu from Aramark is also unconvincing. While it may reflect that "weekly average calories per day" for adults consisted of 2900, <u>See</u> Docket No. 54-2, Ex. C, there is no indication that inmates were actually served 2900 calories per day. There are no affidavits from Aramark officials, or from workers in the cafeteria, regarding the quantity of food actually given to inmates. Most significantly, the menu is from a period of time months after Hromyko left the Jail

---

[3] Hromyko does not appear to dispute that 2900 calories per day is itself an insufficient calorie load. Rather, his argument appears to be that he did not actually receive the 2900 calories per day. Consequently, I make no determination as to whether 2900 calories per day is actually necessary to meet nutritional requirements.

and there is no testimony suggesting that the menu submitted is indicative of what was served during the relevant period of time.

Third, and finally, the copies of various records relating to Hromyko are unhelpful. See Docket No. 54-2, Ex. D. Rosemeyer references these 20 pages in his Motion as "records at the Jail." The complete lack of any meaningful analysis in Rosemeyer's brief of these records, as well as the lack of any deposition testimony or affidavit explaining these records, causes me to give them little to no credence. They seem to reflect what Hromyko's weight was on certain dates. I cannot discern whether this weight was self-reported or whether Hromyko was actually weighed. Further, the records appear to be arrest records and would not reflect what Hromyko weighed while at the Jail. Accordingly, the records would be of minimal value at any rate.

Consequently, based upon the record before me, there are genuine issues of material of fact which suggest that Rosemeyer may have violated Hromyko's constitutional right. The analysis then shifts to a consideration of whether that right was clearly established at the time the violation occurred. Rosemeyer has not provided the Court with any analysis in this regard. Accordingly, the Motion for Summary Judgment is denied.

II. *Municipal Liability*

Rosemeyer also seeks the entry of summary judgment on the basis of municipal liability. Rosemeyer correctly states that a local government can only be liable for a constitutional deprivation where that deprivation results from a custom,

practice or policy. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993). Then, without any citation to the evidence of record, or analysis of the case law in light of that evidence, Rosemeyer simply states, as the entirety of his argument:

> In this case, the Plaintiff has not alleged that there was any policy or custom that was either promulgated by the Allegheny County Jail or violated by Defendant Rosemeyer.

<u>See</u> Docket No. 55, p. 4. This is not an argument or an analysis, but a conclusion. I decline to consider a Motion for Summary Judgment where the Defendant has put no more effort in to his argument than one sentence.

> [I]n order to satisfy its initial burden of production under <u>Celotext</u> a defendant must either (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. <u>Celotext</u>, 477 U.S. at 331.

<u>McKowan Lowe & Co. v. Jasmine, Ltd.</u>, Civ. No. 94-5522, 2005 WL 1541062 at * 14 (D.N.J. June 30, 2005). Rosemeyer has neither submitted affirmative evidence negating an essential element of a municipal liability claim nor has he made any effort to demonstrate to the Court that Hromyko's evidence is insufficient. As such, he has not satisfied his initial burden of production under <u>Celotext</u>. <u>McKowan Lowe & Co. v. Jasmine, Ltd.</u>, Civ. No. 94-5522, 2005 WL 1541062 at * 14 (D.N.J. June 30, 2005). Indeed, "[a]s a threshold matter, an argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the

8

record) will be deemed waived." Reynolds v. Wagner, 128 F.3d 166, 177 (3d Cir. 1997), citing, Commw. Of Pa. V. HHS, 101 F.3d 939, 945 (3d Cir. 1996) (stating that arguments mentioned in passing but not squarely argued will be deemed waived).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER OF COURT

AND NOW, this **7th** day of February, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Second Motion for Summary Judgment (Docket No. 54) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge