IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HROMYKO, | ) |
| | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|   -vs- | ) |
| | Civil Action No.  04-359 |
| | ) |
| FREDERICK A. ROSEMEYER, Warden of the | ) |
| Allegheny County Jail, | ) |
| | ) |
| | ) |
|         Defendant. | ) |

AMBROSE, Chief District Judge.


## ORDER OF COURT

On the eve of trial, and following the denial of two Motions for Summary Judgment, the Defendants have filed a Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12c. See Docket No. 69.  In his Complaint, Plaintiff asked that this Court "Force the Allegheny County Jail to comply with legal grievance procedures and terminate its contract with Aramark."  Since the filing of the Complaint, Plaintiff has been transferred to another facility.  The Defendants reason that the transfer renders the action moot because Plaintiff is no longer subject to the alleged conditions he attempts to challenge.

In response, Plaintiff notes that he attached to the "Civil Complaint Form," a

1

more lengthy complaint which included a request for pecuniary relief. See Docket No. 86.  In the "Statement of the Claim" section, Plaintiff does state "see attached complaints/letters."  A review of the attachments does not reveal a request for pecuniary relief.

However, Plaintiff has filed a  Motion to Amend Civil Complaint. See Docket No. 72.   Specifically, Plaintiff asks that this Court amend his Complaint so as to request:

> Pecuniary relief in the amount of $300.00 per day for the 333 days I spent in the Allegheny Co Jail and $1,000,000.00 for punitive measures.

See Docket No. 72.  The Defendants oppose the Motion, arguing that the pleadings have closed and that its own Motion for Judgment on the Pleadings is pending.

After careful consideration, I will deny the Motion for Judgment on the Pleadings and grant the Motion to Amend.  In so doing, I am  mindful of the fact that Plaintiff is proceeding *pro se* and his pleadings should be liberally construed and amendments freely given. I recognize that the case is at a relatively advanced stage in terms of permitting an amendment of the Complaint.  Yet Plaintiff does not seek to add a new claim or new defendant.  The Defendants have not argued, nor demonstrated, that they will be prejudiced in any way if the Motion to Amend is granted.  Certainly, the Defendants could have filed a Motion for Judgment on the Pleadings years ago.  In the alternative, the Defendants could have raised this issue in a summary judgment motion.

Plaintiff has survived two challenges to the factual sufficiency of his claims.

2

Consequently, I am not inclined to deny him the request to amend his Complaint so as to request monetary relief for the alleged constitutional deprivations. Consequently, this **28**th day of February, 2007, it is Ordered that the Motion for Judgment on the Pleadings (Docket No. 69) is DENIED and the Motion to Amend (Docket No. 72) is GRANTED.

BY THE COURT:

/S/   Donetta W. Ambrose

 Donetta W. Ambrose,
 Chief U. S. District Judge

3